IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ ÁLVAREZ QUIÑONES and
BARBARA ARBONIS RAMOS,

Plaintiffs,

v.                                              CIVIL NO. 16-2777 (GAG)

GILBERTO LUIS SEPÚLVEDA PEREZ
and PRUDENTIAL LIFE INSURANCE
COMPANY,

Defendants.

## OPINION AND ORDER

This case involves a dispute between family members over a life insurance payment. José Álvarez Quiñones ("Álvarez") and Barbara Arbonis Ramos ("Arbonis") (collectively, "Plaintiffs") brought this suit against Gilberto Luis Sepúlveda Perez ("Sepúlveda") and Prudential Life Insurance Company[1] ("Prudential") (collectively, "Defendants") in state court. (Docket No. 10-1.) Prudential removed to federal court, and now seeks dismissal of Plaintiffs' claim. (Docket Nos. 1, 8.) For the reasons below, Prudential's motion to dismiss is **GRANTED**. Plaintiffs' claim against Prudential is **DISMISSED** and Plaintiffs' claim against Sepúlveda is **REMANDED** to state court.

**I.    Relevant Factual and Procedural Background**

The life insurance policyholder, María de los Angeles Alvarez ("decedent"), died intestate on August 15, 2009. (Docket No. 10-1, at 1.) Plaintiffs are the decedent's parents. Id. Sepúlveda is the decedent's widower. Id. Prudential insured the life insurance policy sponsored by the decedent's former employer. Id. The policy amount was $87,360.00. Id. at 2. Sepúlveda collected

---

[1] Prudential's actual name is The Prudential Insurance Company of America. (Docket No. 1, at 1.)

Civil No. 16-2777 (GAG)

the full policy amount by "swearing a false oath" that he was decedent's sole heir. Id. That began a number of phases of litigation between Plaintiffs and Sepúlveda.

In 2013, Plaintiffs initiated a division of the estate proceeding against Sepúlveda in the Court of First Instance of the Commonwealth of Puerto Rico, in the Judicial District of Arecibo. (Docket No. 8-5.) That case was resolved by a court-approved settlement on October 8, 2014. Id. In that proceeding, the parties discussed the separation of the decedents estate, as well as the life insurance policy. (Docket Nos. 8-6, 8-7.) The settlement agreement did not expressly include the life insurance policy within its terms. (Docket Nos. 8-5.) However, the court-approved settlement indicated that "[a]ny other account or assets remaining" in decedent's name would become the property of Sepúlveda. Id. at 2.

Then, on July 12, 2016, Plaintiffs filed the instant complaint against Prudential and Sepúlveda in the Court of First Instance of the Commonwealth of Puerto Rico, Arecibo Superior Part. (Docket Nos. 10-1.) Plaintiffs alleged Defendants' breach of contract resulting from Prudential's allegedly improper life insurance payment to Sepúlveda. Id. As damages, Plaintiffs sought to recover $87,360.00, the full policy amount paid to Sepúlveda. Id. at 2. Subsequently, on October 5, 2016, Prudential removed this case to federal court, as per 28 U.S.C. § 1441 and 1446.

II. **Standard of Review**

Rule 12(b)(6) requires that a complaint contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnación v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003). Altogether, "the

2

**Civil No. 16-2777 (GAG)**

combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (citations omitted).

### III. Discussion

#### A. Removal Jurisdiction

Removal of a state court complaint to federal court is governed by statute, 28 U.S.C. § 1441, which provides a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Prudential timely removed Plaintiffs' complaint to this Court. (Docket No. 1.) Co-defendant Sepúlveda did not consent (or object) to removal. Generally, all defendants must consent to removal. 28 U.S.C. § 1446(b)(2)(A). However, a co-defendant's consent to removal is not required where the claim against a co-defendant is not within the district court's original jurisdiction and does not arise from the same case or controversy as the claim against the other defendants. See 28 U.S.C. § 1367(a) (supplemental jurisdiction for claims that "form part of the same case or controversy" under Article III); § 1441(c) (removal jurisdiction "if the action would be removable without inclusion of the claim" lacking original or supplemental jurisdiction).

Under the general rule—*i.e.*, the well-pleaded complaint rule—a plaintiff's state law complaint "does not arise under federal law for purposes of federal question jurisdiction and so cannot be removed even if the defendant's defense is rooted in federal law." Negron-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 6 (1st Cir. 2008). Plaintiffs' complaint does not reference federal law, and thus does not raise a federal question on its face. (Docket No. 10-1.)

However, certain claims are subject to removal, even when those claims rely only on state law, because federal law completely preempts the subject matter of the claim. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987). The Employee Retirement Income Security Act of 1974, 29

3

**Civil No. 16-2777 (GAG)**

U.S.C. §§ 1001-1461, ("ERISA") embraces such preemptive power—it converts ordinary state law claims into federal ones, thereby creating removal jurisdiction. See id. at 65. Prudential's removal is proper under 28 U.S.C. § 1441(c)(1), and this Court has jurisdiction to entertain Plaintiffs' claim against Prudential under 28 U.S.C. § 1331, because the removed complaint raises a federal question through the complete preemption exception to the well-pleaded complaint rule. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207-08 (2004); Negron-Fuentes, 532 F.3d at 6.

B. Motions to Deem as Unopposed at Docket Nos. 15 and 38

Before turning to the substance of Prudential's motion to dismiss, Prudential requests the motion to dismiss be deemed unopposed because Plaintiffs have not responded. (Docket Nos. 15, 38.) After Prudential renewed their motion to deem as unopposed (Docket No. 38), Plaintiffs' counsel, who is not admitted to the federal bar, withdrew her appearance. (Docket No. 39.) Since then, no other counsel has appeared on Plaintiffs' behalf.

A party who fails to properly oppose a motion within fourteen days "shall be deemed to have waived [any] objection." L. Cv. R. 7(b). Failure to respond to a dispositive motion may subject a party to "involuntary dismissal, pursuant to [Federal Rule] 41(b), for failure to prosecute." Vega-Encarnacion, 344 F.3d at 40 (quotations omitted). Nevertheless, involuntary dismissal for such a failure to prosecute is discretionary, not automatic. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) (comparing non-responsiveness in the context of a Rule 12(c) motion for judgment on the pleadings and Rule 56 motion for summary judgment). Here, where Prudential's bases for dismissal are merits-based, involuntary dismissal is not warranted. See, e.g., id. at 7-8. Therefore, the Court **NOTES** Prudential's motions to deem as unopposed at Docket Nos. 15 and 38, and moves to the merits of Prudential's motion to dismiss.

4

**Civil No. 16-2777 (GAG)**

C. <u>Motion to Dismiss at Docket No. 8</u>

Prudential seeks dismissal of Plaintiffs' complaint for three reasons: (1) Plaintiffs' breach of contract claim is preempted by ERISA, 29 U.S.C. § 1144(a); (2) Plaintiffs failed to exhaust administrative remedies for any ERISA claim; and (3) Plaintiffs' claim is barred under the doctrine of judicial estoppel. (Docket No. 8.) Sepúlveda did not join Prudential's motion.

As mentioned above, Plaintiffs' complaint does not refer to ERISA. Nevertheless, Prudential argues that ERISA preempts Plaintiffs' breach of contract claim because Plaintiffs allege they were improperly denied benefits under an ERISA plan. ERISA is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." <u>Shaw v. Delta Air Lines</u>, 463 U.S. 85, 90 (1983). Through its preemption provision, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[2] 29 U.S.C. § 1144. The key phrase in the preemption provision is "relate to." "The Supreme Court has distilled the statute's 'relate to' language into two independently sufficient alternatives: 'a connection with or reference to' an ERISA plan will result in preemption." <u>Merit Const. Alliance v. City of Quincy</u>, 759 F.3d 122, 128 (1st Cir. 2014) (quoting <u>Shaw</u>, 463 U.S. at 90).

ERISA also creates a civil enforcement mechanism for beneficiary disputes. 29 U.S.C. § 1132. A beneficiary may bring a civil action to "recover benefits due" under the plan, to enforce provisions of either ERISA or the benefit plan, and for "appropriate equitable relief" to redress violations. § 1332(a)(1)(B), (3)(B). This civil action is exclusively federal in nature. <u>Metro Life</u>, 481 U.S. at 63. Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." <u>Aetna Health</u>, 542 U.S. at 209.

---

[2] ERISA includes Puerto Rico within the statutory definition of "State." 29 U.S.C. § 1002(10).

5

**Civil No. 16-2777 (GAG)**

Plaintiffs' seek to recover a benefit due under an ERISA plan. Taking the pleadings as true, it is undisputed that the Prudential insured policy is an ERISA plan, that Plaintiff is a beneficiary with standing to sue, and that Prudential is an ERISA entity. The conduct forming the basis of Plaintiffs' state law claim—*i.e.*, Prudential's wrongful payment to Sepúlveda—is essentially the same as the conduct that would create an ERISA civil enforcement claim under section 1132. Accordingly, Plaintiffs' claim to recover the policy payment "relate[s] to" an employee benefit plan because it "duplicates, supplements, or supplants" ERISA's civil enforcement remedy. See Guerra-Delgado v. Popular, Inc., 774 F.3d 776, 781 (1st Cir. 2014) (citing Hampers v. W.R. Grace & Co., 202 F.3d 44, 52 (1st Cir. 2000) (a cause of action "relates to" an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action). Therefore, ERISA preempts Plaintiffs' breach of contract claim against Prudential.

Since ERISA preempts Plaintiffs' claim against Prudential, Plaintiffs cannot prevail on their breach of contract claim. See Holtz v. Blue Cross and Blue Shield of Mass., Inc., 292 F.3d 57, 60-61 (1st Cir. 2002) (state statutes prohibiting unfair insurance claims practices preempted by ERISA); Morris v. Highmark Life Ins. Co., 255 F. Supp. 2d 16, 26-27 (D.R.I. 2003) (ERISA preempts a garden-variety breach of contract claim for the same reasons as a claim under a state bad faith statute). Plaintiffs cannot prevail on an ERISA claim against Prudential because their complaint lacks sufficient information to plausibly allege an ERISA claim. See Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 96-97 (1st Cir. 2000) (affirming dismissal for failure to state a claim where Plaintiffs' breach of contract claim preempted by ERISA). Moreover, even if Plaintiffs had properly pleaded an ERISA claim, such a claim is non-cognizable because Plaintiffs' allege no efforts to exhaust administrative remedies before bringing suit. See Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998) (before suing to recover ERISA plan benefits, a beneficiary must exhaust

**Civil No. 16-2777 (GAG)**

administrative remedies). Altogether, this means Plaintiffs cannot recover the policy payment from Prudential. So, Plaintiffs' claim against Prudential must be dismissed with prejudice.

However, Plaintiffs' claim against Sepúlveda rests on different footing. The premise of Plaintiffs' claim against Sepúlveda is that Sepúlveda was *not* a plan beneficiary. Rather, Plaintiffs allege Sepúlveda obtained the policy payment by fraudulent means. There is no ERISA preemption because Sepúlveda is not an ERISA entity. See § 1132(d) ("An employee benefit plan may sue or be sued under this subchapter as an entity."); see also Morstein v. Nat'l Ins. Serv. Inc., 93 F.3d 715, 722 (11th Cir. 1996) (en banc) ("ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan."). Thus, to the extent Plaintiffs seek recovery from Sepúlveda, Plaintiffs' claim cannot be reasonably construed as "connect[ed] with or [in] reference to" an "employee benefit plan" within the meaning of ERISA's section 1144(a) preemption clause.

Instead, Plaintiffs' allege a state law tort claim of intentional conversion against Sepúlveda. (Docket No. 10-1.) See, e.g., Barretto Peat, Inc. v. Luis A. Ayala Colon Sucrs., Inc., 709 F. Supp. 321, 323 (D.P.R. 1989) (citations omitted) (describing intentional conversion elements under Article 1802). Accordingly, whether Sepúlveda is liable to Plaintiffs for intentional conversion, fraud, or some other theory of liability is governed by state law, not federal law. Likewise, whether the prior state court settlement bars Plaintiffs from re-litigating their right to the policy payment is also a matter of state law. These issues have only a remote, peripheral connection to a covered plan, so preemption does not apply to Plaintiffs' claims against Sepúlveda. See Combined Mgmt. v. Superintendent of the Bureau of Ins., 22 F.3d 1, 3 (1st Cir. 1994) (citations omitted) (finding a workers' compensation plan as too peripheral to "relate to" an ERISA benefit plan).

Plaintiffs' claim against Sepúlveda does not raise a federal question, and the parties are not of diverse citizenship. (Docket No. 10-1.) Thus, there is no basis for federal subject matter

**Civil No. 16-2777 (GAG)**

jurisdiction for Plaintiffs' claim against Sepúlveda. See 28 U.S.C. §§ 1331, 1332. In the absence of subject matter jurisdiction, federal courts are powerless to act. See, e.g., Espinal-Dominguez v. Commonwealth of P.R., 352 F.3d 490, 495 (1st Cir. 2003) (federal courts have "an unflagging obligation to notice jurisdictional defects" and pursue them at any time). Here, where only Plaintiffs' state law claim against Sepúlveda remains, the proper course is to remand the state law claim pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

IV. **Conclusion**

For the reasons set forth above, Prudential's motions to deem as unopposed at Docket Nos. 15 and 38 are **NOTED**. Prudential's motion to dismiss for failure to state a claim at Docket No. 8 is **GRANTED**. Plaintiffs' complaint at Docket No. 1 as to Prudential is **DISMISSED with prejudice.** Plaintiffs' complaint at Docket No. 1 as to Sepúlveda is **REMANDED** to the Court of First Instance of the Commonwealth of Puerto Rico, Arecibo Superior Part.

The Clerk of Court is directed to send notice of the Opinion and Order to the following parties: Plaintiffs; Plaintiffs former counsel (see Docket No. 39); and the court from which this matter was removed (see Docket Nos. 1-1; 10-1).

**SO ORDERED.**

In San Juan, Puerto Rico, on this 7th day of August, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge